The undersigned have reviewed the prior Opinion and Award based on the record of the proceedings before the Deputy Commissioner and the briefs and oral arguments before the Full Commission. The appealing party has shown good grounds to reconsider the evidence. The Full Commission REVERSES the Opinion and Award of the Deputy Commissioner and enters the following Opinion and Award.
The Full Commission finds as fact and concludes as matters of law the following which were agreed upon by the parties in the Pre-trial Agreement as:
STIPULATIONS
1. On February 5, 1989 the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. An employment relationship existed between the Plaintiff-Employee and Defendant-Employer at the time of the alleged accident.
3. Aetna Casualty and Surety Company was the workers' compensation carrier of the Employer on February 5, 1989.
4. On or about February 5, 1989 the Plaintiff-Employee allegedly suffered a job-related injury.
5. By Opinion and Award filed December 23, 1991, Deputy Commissioner Richard B. Ford found that the Plaintiff-Employee had sustained a three percent permanent partial disability to her back and awarded compensation.
6. On May 18, 1994, the Defendant-Carrier filed a Form 28B, Report of Compensation and Medical Paid.
7. The Plaintiff-Employee contends that the disputed issue is as follows: Whether the Plaintiff-Employee is entitled to the payment of continuing medical expenses pursuant to N.C. Gen. Stat. § 97-25 and additional benefits pursuant to N.C. Gen. Stat. § 97-47.
8. The Defendants contend that the disputed issues are as follows:
 a. Whether the Plaintiff-Employee's condition and medical needs have changed pursuant to N.C. Gen. Stat. §§ 97-47 and 97-25, respectively.
 b. If so, what is the nature and extent of the Plaintiff-Employee's disability.
* * * * * * * *
The Full Commission rejects the findings of fact found by the Deputy Commissioner and finds as follows:
FINDINGS OF FACT
1. On February 5, 1989 plaintiff sustained a compensable injury to her back and hips when she was struck from behind by a forklift and compressed against a wall.
2. A prior Opinion and Award was entered by a Deputy Commissioner in this case on December 23, 1991 finding and concluding that plaintiff sustained an injury by accident on February 5, 1989 arising out of and in the course of employment with defendant-employer, and that plaintiff reached maximum medical improvement on January 16, 1990 and sustained a three percent permanent partial disability of the back. Prior to entry of the Opinion and Award on December 23, 1991 the record was closed on August 15, 1990; consequently, plaintiff's capacity to earn wages after August 15, 1990 could not be considered in said Opinion and Award. The Deputy Commissioner found that plaintiff sustained no demonstrative physical deficits and had missed nine and three-seventh (9 3/7) weeks from work. The Deputy Commissioner further found that plaintiff earned greater wages upon her return to work after the injury. The Full Commission and the North Carolina Court of Appeals affirmed the Deputy Commissioner's decision. Plaintiff was paid the compensation due pursuant to the December 23, 1991 Opinion and Award on May 6, 1994.
3. On September 23, 1994 plaintiff filed a claim for additional compensation due to a substantial change of condition and for additional medical treatment.
4. At the time of injury plaintiff's average weekly wage was $762.62. Based upon the prior Opinion and Award of the Industrial Commission which was affirmed by the North Carolina Court of Appeals and therefore binding herein, plaintiff was earning $15.761 per hour upon her return to work and through the date of hearing on July 26, 1990. Deputy Commissioner Ford made the following finding of fact:
 "5. Prior to February 5, 1989, the plaintiff was earning at a rate of $14.939 per hour and since said date she is now earning at that (sic) rate of $15.761 per hour."
5. In March, 1991 plaintiff was placed in a permanent position as a technical training clerk earning from $375.00 to $400.00 per week. Due to physical restrictions caused by her compensable injuries, plaintiff could not return to her pre-injury job as a chemical processor.
6. Plaintiff continued to work although she continued to regularly seek treatment from Dr. Robert C. Franklin, a family practitioner and several other medical providers, for low back and hip pain. Dr. Vernick's medical notes dated May 10, 1991 indicate, "She has chronic back pain with indication of lumbosacral radiculopathy due to bulging disk confirmed by MRI." Plaintiff sought treatment at the Pitt Memorial Hospital Rehabilitation Clinic on April 11, 1991 for sharp, intermittent and focused low back pain radiating into the hip. Plaintiff returned to Dr. Franklin on August 12, 1992 for right hip and low back pain. Plaintiff was taken out of work when her condition worsened in October, 1992 and she remained out of work pursuant to her doctor's instructions through December 10, 1992, except for a period of about one and one half days when she tried to work in October 1992. Plaintiff began to report knee pain during this period. Plaintiff contacted the North Carolina Division of Vocational Rehabilitation for assistance in December, 1992.
7. When plaintiff returned to work she was restricted to half days from December 10, 1992 through January 4, 1993. Plaintiff also remained in physical therapy during December, 1992. The physical therapist recommended that plaintiff use a cane as an aid in walking to help relieve the pressure on her right hip.
8. According to Dr. Franklin, plaintiff sustained two falls during the week prior to January 4, 1993 due to the sudden buckling of her knees and thereafter for the first time began to experience cervical pain radiating into the right arm. Plaintiff's primary complaints to Dr. Franklin during January and July of 1994 were in the cervical area.
9. Dr. J. Gregg Hardy of Eastern Carolina Neurological Association also evaluated plaintiff. He didn't find any objective neurological abnormalities that correlated specifically with plaintiff's pain. He diagnosed fibromyositis but could not causally relate it to plaintiff's work injury. Dr. Hardy was of the opinion that plaintiff could work a forty hour week without doing further harm to herself, but not without discomfort. Dr. Hardy recommended work hardening.
10. Plaintiff's cervical pain was not causally related by objective medical evidence to her February 5, 1989 injury, but Dr. Hardy testified that historically it may have been triggered by the original injury because plaintiff originally complained that she was "bruised all up and down her back."
11. Plaintiff's Functional Capacity Assessment and vocational evaluation dated February 20, 1990, which was considered under the December 24, 1991 Opinion and Award, indicated that plaintiff was capable of performing in occupationals with light physical demands requiring the lifting of 20 pounds maximum and frequent lifting and carrying up to 10 pounds. Plaintiff had average reaching and handling ability, average fingering ability and average grip strength. It was recommended that plaintiff not return to her previous occupation as a chemical processor.
12. By comparison plaintiff's Functional Capacity Assessment dated April 14, 1993, found plaintiff to be functioning between the sedentary to light work categories. Plaintiff could lift 16.5 pounds occasionally. Plaintiff had below average grip, fingering and handling ability for the right and left hand. Plaintiff had low endurance and standing and walking increased the pain in her hip. It was recommended that if plaintiff returned to employment she should gradually increase working hours beginning at four hours a day to full time (or part time) work and that after walking plaintiff should be allowed to sit at least 10 minutes. It was also recommended that due to upper extremity pain, plaintiff's clerical job duties should be performed as tolerated.
13. Due to difficulty in performing her job in May, 1993, the plant nurse recommended that plaintiff return to her doctor. Dr. Franklin reported to the employer that she was disabled and defendant placed plaintiff on long term disability. By September 13, 1993, Dr. Franklin's medical records indicate that plaintiff was disabled from performing her regular duties and that plaintiff was complaining of cervical, low back and hip pain. Dr. Franklin would not opine that plaintiff's disability after September 13, 1993 was due solely to cervical pain.
14. Plaintiff has proven by the greater weight of the evidence that as of September 13, 1993 she was physically incapable of working light duty in her position as a technical training clerk. Plaintiff's incapacity to work and earn wages is caused by the pain in her lower back, the physical weakening of her right hip and leg resulting from her February 5, 1989 injury and from her unrelated cervical pain.
15. Although plaintiff's cervical and right upper extremity problems caused or aggravated by her falls also contribute to her incapacity to work, these falls which occurred in January, 1993 while plaintiff had diminished wage earning capacity due to numerous days out of work as a result of her work related injury, were unintentional and did not break the causal connection between plaintiff's original injury and her disability.
16. As a result of her physical restrictions caused by her February 5, 1989 injury, plaintiff has, since September, 1993 been physically incapable of performing full time employment in a light category and has been incapable of earning wages in any employment.
17. Plaintiff has proven by the greater weight of the evidence that she has sustained a substantial change of condition since the entry of the prior Opinion and Award on December 23, 1991 by the Deputy Commissioner. Plaintiff is entitled to temporary total disability compensation beginning September 13, 1993 and continuing until further order of the Industrial Commission.
18. Defendant is entitled to a credit for any disability compensation paid to plaintiff under an employer-funded plan.
* * * * * * * *
Based on the foregoing stipulations and findings of fact the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. Plaintiff has sustained a substantial change of condition entitling her to additional compensation for her compensable injury of February 5, 1989 as her level of pain has increased and she has since September 13, 1993 been physically incapable of earning wages in any employment. Plaintiff filed a claim for change of condition within two years of the last payment of compensation. Plaintiff is entitled to additional temporary total disability compensation from September 13, 1993 through the date of hearing herein and continuing until further order of the Industrial Commission. N.C. Gen. Stat. § 97-47.
2. Plaintiff is entitled to payment by defendant of such medical expenses incurred or to be incurred in the future as a result from her compensable injuries for so long as such treatments and evaluations are reasonably required to effect a cure, provide relief or lessen her disability. N.C. Gen. Stat. § 97-25; Hyler v. G.T.E. Prods. Co., 333 N.C. 258,425 S.E.2d 698 (1993).
* * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission enters the following
AWARD
1. Defendant shall pay to plaintiff continuing temporary total disability compensation at the rate of $376.00 per week from September 13, 1993 through the date of hearing herein and continuing until further order of the Industrial Commission. Defendant shall receive a credit for any disability payments made to plaintiff under an employer-funded disability plan since September 13, 1993. Amounts which have accrued shall be paid in a lump sum.
2. Defendant shall pay all medical expenses incurred or to be incurred by the plaintiff in the future resulting from her compensable injuries including treatment by Dr. Hardy when bills for same have been submitted and approved through procedures adopted by the Commission.
3. An attorney fee of twenty-five percent of the compensation awarded to plaintiff in Award paragraph one herein is hereby approved for plaintiff's counsel. Compensation shall be payable as follows: twenty-five percent of the accrued compensation due plaintiff shall be deducted and paid directly to plaintiff's counsel; thereafter plaintiff's counsel shall receive every fourth check.
4. Defendant shall pay the costs due this Commission.
 S/ ____________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/ ____________ THOMAS J. BOLCH COMMISSIONER
S/ ____________ COY M. VANCE COMMISSIONER
BSB:jmf